**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| ANNE TINDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, ) | |
| and CAVALRY SPV I, LLC, ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

## COMPLAINT

In 2017, Defendants attempted to collect an old, disputed consumer debt from Plaintiff that was already unenforceable under the applicable statute of limitations. Defendants used a collection letter that, "was deceptive or misleading because (a) it did not tell the consumer that the defendant could not sue on this time-barred debt and (b) it did not tell the consumer that if [s]he made, or even just agreed to make, a partial payment on the debt, [s]he could restart the clock on the long-expired statute of limitations, in effect bringing a long-dead debt back to life." *Pantoja v. Portfolio Recovery Assocs., LLC*, 2017 U.S. App. LEXIS 5432 (7th Cir. Mar. 29, 2017). Ms. Tindall therefore files this complaint against Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### *Parties*

1. Plaintiff is a citizen of the State of Illinois and resides within this district.

2. Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendants sought to collect from her is a consumer

debt, incurred for personal, family or household purposes and allegedly owed to debt buyer Cavalry SPV I, LLC.

3. Defendant Cavalry SPV I, LLC ("Cavalry SPV") is a Delaware LLC, with a registered agent located in the City of Chicago, State of Illinois.

4. Defendant Cavalry SPV is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, as it is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this district, indirectly or directly.

5. Cavalry SPV is the business of buying large amounts of delinquent debts from other creditors at large discounts, and it then attempts to collect on those purchased debts.

6. Cavalry SPV is registered as a collection agency with the Illinois Department of Professional Regulations.

7. Defendant Cavalry Portfolio Services, LLC ("Cavalry Portfolio") is also a Delaware LLC, with a registered agent located in the City of Chicago, State of Illinois.

8. Defendant Cavalry Portfolio is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, as it is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this district.

9. Cavalry Portfolio sends debt collection correspondence to consumers stating that Cavalry SPV has referred the consumer's account to it for collection.

10. Cavalry Portfolio is registered as a collection agency with the Illinois Department of Professional Regulations.

### Jurisdiction and Venue

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Defendants collect debts here and the activities giving rise to Plaintiff's cause of action occurred in this district.

### COUNT I
### *Violations of the Fair Debt Collection Practices Act*
### *15 U.S.C. § 1692e*

13. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-12 as if set forth fully in this Count.

14. On or about February 13, 2017, Defendants attempted to collect an alleged debt from Plaintiff through the use of a form collection letter.

15. The February 13, 2017 letter, on Cavalry letterhead, was signed by Cavalry Portfolio and sent on behalf of Cavalry SPV.

16. Defendants' letter stated that the alleged debt was originally owed to Citibank, N.A./AAdvantage.

17. The charge-off date on said account was no later than October 14, 2011.

18. Thus, the statute of limitations period was expired by October 15, 2016.

19. Nonetheless, Defendants' February 13, 2017 letter stated:

> We understand that all of the account balance may not be repaid at this time. If some of the bill can be repaid, even if it is through a monthly payment plan, we would like to hear from you. We work with our customers to find affordable repayment arrangements. Please call us at (866) 434—2995 to discuss your repayment options.

*See* Exhibit A.

20. Defendants offered to settle a time-barred debt but failed to disclose that a lawsuit would be time-barred.

21. Defendants offered to settle a time-barred debt but failed to disclose that a partial payment would remove the statute of limitations bar.

3

22. Defendants' request that Plaintiff pay the alleged bill, thereby re-starting the statute of limitations on an already time-barred debt, was false, deceptive and misleading.

23. Defendants' representations therefore violate §§ 1692e and e(10) of the FDCPA, which provide in relevant part as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24. Defendants' representations and violative collection conduct caused concrete injury to Plaintiff. She spent time and effort disputing the debt, checking her credit report, and consulting with an attorney and a credit counselor as to how to handle the alleged debt.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC, and award damages as follows:

(A) Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

(B) Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief this Court deems appropriate and just under the circumstances.

Respectfully submitted,

By: /s/ Stacy M. Bardo
Attorney for Plaintiff

4

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
E-mail: stacy@bardolawpc.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the events described herein. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials.

By: /s/ Stacy M. Bardo
Attorney for Plaintiff